UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON J. RIVERA,

    Plaintiff,

v.                                                                         Case No. 20-cv-1012-T-60SPF

LM GENERAL INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING MOTION TO REMAND**

    This matter is before the Court on "Plaintiff's Motion to Remand and Supporting Memorandum of Law and Motion for Attorney's Fees and Costs," filed by counsel on May 22, 2020. (Doc. 10). On June 5, 2020 Defendant LM General Insurance Company ("LM") filed "LM General's Response to Plaintiff's Motion for Remand." (Doc. 14). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

    Plaintiff alleges he was injured on September 26, 2017, as a result of an automobile accident with an underinsured motorist on State Road 54 in Pasco County, Florida. At that time, Plaintiff had an uninsured/underinsured policy with LM. Prior to the filing of any litigation, Plaintiff sent LM a demand letter that included medical records, bills, an itemization of medical expenses, and other information supporting his claim. The letter demanded that LM pay its full policy

limits of $500,000 to settle the claim.[1] Thereafter, Plaintiff's counsel made an oral demand for $175,000 to settle the claim. On January 8, 2020, Plaintiff also filed a Civil Remedy Notice of Insurer Violation pursuant to § 624.155(3)(a), *F.S.*, requesting $250,000 under the policy and alleging that Defendant had committed bad faith and unfair trade practices in failing to pay the claim. When the matter was not resolved, on March 20, 2020, Plaintiff filed a two-count complaint against LM, his own insurance carrier, in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. The case was removed to this Court on May 1, 2020.

## Analysis

When the amount in controversy supporting diversity jurisdiction is challenged, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 82 (2014).

Although Plaintiff sent a pre-suit demand letter seeking $500,0000, made an oral demand seeking $175,000, and filed a Civil Remedy Notice seeking $250,000, he now takes the position that this case does not meet the $75,000 amount in controversy requirement needed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Indeed, Plaintiff argues that LM's claim that the amount in controversy exceeding $75,000 "amounts to nothing more than impermissible conjecture and speculation."

---

[1] *See* (Doc. 1-4), Exhibit C ("please consider this my client's demand for the limits of his automobile insurance policy's underinsured motorists coverage.")

Plaintiff's argument is not well-taken. The Court is unwilling to ignore Plaintiff's own pre-suit demands that clearly sought amounts well over $75,000. While case law holds that such communications are not dispositive, those communications are also not irrelevant and may be considered as evidence on the amount in controversy. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Here, Plaintiff sent a detailed, five-page letter explaining his significant injuries and the ways in which those injuries would impact his future health and well-being. But now, Plaintiff argues his own pre-suit demand letter – where he sought payment of $500,000 – should not be considered when determining the amount in controversy for purposes of federal court jurisdiction.

Moreover, it should be noted that Plaintiff's pre-suit communications are not the only evidence regarding the amount in controversy. On the face of Plaintiff's complaint itself, the amount in controversy exceeds $75,000. In Count II of the complaint, Plaintiff alleges that LM erred by not tendering its *full* UM policy limits because his injuries were so severe that they exceeded those limits.[2] Although the bad faith claim is not yet ripe, it may be considered for purposes of determining the amount in controversy. *See Williams v. LM Gen. Ins. Co.*, 387 F. Supp. 3d 1366, 1370 n.5 (M.D. Fla. 2019).

---

[2] *See* (Doc. 1-1 at ¶ 22).

For the reasons explained above, it is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's Motion to Remand and Supporting Memorandum of Law and Motion for Attorney's Fees and Costs" (Doc. 10) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**