UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON J. RIVERA,

    Plaintiff,

v.                                                      Case No. 20-cv-1012-T-60SPF

LM GENERAL INSURANCE COMPANY,

    Defendant.
_____/

**<u>ORDER GRANTING MOTION TO DISMISS</u>**

This matter is before the Court on "LM General's Motion to Dismiss Count II and for Extension of Time to Respond to Count I," filed by counsel on May 6, 2020. (Doc. 5). On June 1, 2020, Plaintiff Ramon Rivera filed "Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Count II." (Doc. 13). After reviewing the motion, response, court file, and the record, the Court finds as follows:

Plaintiff alleges he was injured on September 26, 2017, as a result of an automobile accident with an underinsured motorist on State Road 54 in Pasco County, Florida. Plaintiff filed a two-count complaint against LM General Insurance Company ("LM"), his own insurance carrier, on March 20, 2020, in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida. Count I of the complaint includes an action for breach of contract under the uninsured/underinsured coverage provisions of Plaintiff's policy with LM. Count II of the complaint includes an action for "bad faith" failure to pay monies owed under the insurance contract. The case was removed to this Court on May 1, 2020.

LM seeks dismissal of Plaintiff's bad faith claim in Count II, arguing that the claim is premature. Under Florida law, a bad faith claim is premature until liability and damages have been determined in favor of the insured. *See, e.g.*, *Holmes v. GEICO Indemnity Company*, No. 3:12-cv-271-J-99JBT, 2012 WL 12902911, at *3 (M.D. Fla. Nov. 5, 2012) ("Indeed, an abundance of Florida case law holds that a bad faith claim does not accrue until there has been a final determination of both liability and damages in an underlying coverage claim.") (internal quotations omitted).

A district court has discretion to either dismiss or abate a bad faith claim when simultaneously pled with a coverage action. *See Shvartsman v. GEICO Gen. Ins. Co.*, No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083, at *1 (M.D. Fla. June 23, 2017). Here, the Court exercises its discretion to dismiss the bad faith claim in Count II without prejudice. *See Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1295 (M.D. Fla. 2015). Plaintiff is not precluded from reasserting the claim following determination of the coverage and liability issues, or filing the bad faith claim as a separate proceeding after this case is concluded.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "LM General's Motion to Dismiss Count II and for Extension of Time to Respond to Count I" (Doc. 5) is hereby **GRANTED**.

(2) Count II of the complaint is **DISMISSED WITHOUT PREJUDICE** to any right Plaintiff may have to reassert the claim following determination of the coverage and liability issues, or to file the bad faith claim as a separate proceeding after this case is concluded.

(3) LM shall file a responsive pleading to Count I of the complaint on or before July 22, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**